UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JESSICA DUVALL,

        Plaintiff,                                  Case No.

vs.

EAST-WEST, LLC NO. 3, a Domestic
Limited Liability Company,
JAMES D. DUNN, Individually, and
BRENT PATTERSON, Individually,

        Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JESSICA DUVALL, ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, EAST-WEST, LLC NO. 3, JAMES D. DUNN and BRENT PATTERSON (collectively, "Defendants") and states as follows:

### JURISDICTION

1.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2.      The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

### PARTIES

3.      At all times material hereto, Plaintiff was a resident of Cobb County, Georgia.

4.      At all times material hereto, East-West, LLC No. 3 was a Georgia Limited Liability Company.

5.      At all times material hereto, James D. Dunn was engaged in business in Georgia.

6.      At all times material hereto, James D. Dunn was, and continues to be, an individual resident of the State of Georgia.

7.      At all times material hereto, Brent Patterson was engaged in business in Georgia.

8.      At all times material hereto, Brent Patterson was, and continues to be, an individual resident of the State of Georgia.

9.      At all times material hereto, Defendants operate several restaurants in the State of Georgia under the name "The Italian Oven."

10.      At all times material hereto, Defendant East-West, LLC No. 3 owned and operated a restaurant named The Italian Oven located at 1345 East-West Connector, Austell, GA 30106.

11.      Plaintiff regularly performed duties for Defendants within the State of Georgia and within this judicial district.

12.      At all times material hereto, James D. Dunn owned and operated East-West, LLC No. 3.

13.      At all times material hereto, James D. Dunn regularly held and/or exercised the authority to hire and fire employees of East-West, LLC No. 3.

14.      At all times material hereto, James D. Dunn regularly held and/or exercised the authority to determine the work schedules for the employees of East-West, LLC No. 3.

15.      At all times material hereto, James D. Dunn regularly held and/or exercised the authority to control the finances and operations of East-West, LLC No. 3.

16.      At all times material hereto, James D. Dunn was an employer as defined by 29 U.S.C. 201 et. seq.

17.     At all times material hereto, Brent Patterson operated East-West, LLC No. 3 as its General Manager.

18.     At all times material hereto, Brent Patterson hired and fired employees of East-West, LLC No. 3, including Plaintiff.

19.     At all times material hereto, Brent Patterson, determined the work schedules for the employees of East-West, LLC No. 3, including Plaintiff.

20.     At all times material hereto, Brent Patterson regularly held and/or exercised the authority to control the finances and operations of East-West, LLC No. 3.

21.     At all times material hereto, Brent Patterson was an employer as defined by 29 U.S.C. 201 et. seq.

22.     At all times material hereto, Plaintiff was an "employee" of the Defendants within the meaning of FLSA.

23.     At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

24.     Defendants were, and continue to be, "employers" within the meaning of FLSA.

25.     At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.  Specifically, Defendants regularly purchased and received a variety of items from out of state, including food, drinks, beverages, cash registers, pots, pans, dishwashing equipment, stoves and other materials necessary and integral to Defendants' business operations.

26.     At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

27.     Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

28.     At all times material hereto, Defendants had more than two (2) employees.

29.     At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, including food, drinks, beverages, cash registers, pots, pans, dishwashing equipment, stoves and other materials necessary and integral to Defendants' business operations.

30.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA. Specifically, Plaintiff regularly and customarily, throughout her employment with Defendants, received and processed interstate credit card transactions as part of her duties working for Defendants.

31.     At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

32.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

33.     On or about August 23, 2016, Defendants hired Plaintiff to work as non-exempt server employee.

34.     At various material times hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a work week.

35.     From at least August 23, 2016, and continuing through August 28, 2017, Defendants failed to compensate Plaintiff at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week.

36.     Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

37.     From at least August 23, 2016, and continuing through August 28, 2017, Defendants failed to pay Plaintiff at least federal minimum wage for all weeks worked.

38.     Defendants have violated Title 29 U.S.C. §§206 and 207 from at least August 23, 2016, and continuing through August 28, 2017, in that:

a.     Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendants;

b.     No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

c.     Defendants' failed to pay Plaintiff at least minimum wage for all weeks worked in violation of the FLSA; and

d.     Defendants failed to maintain proper time records as mandated by the FLSA.

39.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

<b><u>COUNT I</u><br><u>RECOVERY OF OVERTIME COMPENSATION</u></b>

40.     Plaintiff re-alleges and reavers paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.     From at least August 23, 2016 and continuing through August 28, 2017, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

42.     Plaintiff was and is entitled to be paid at the statutory rate of one and one-half

5

times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

43.     At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

44.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

45.     Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

46.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

47.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

48.     At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for inadequate overtime compensation of such employees at a rate less than time and a half for their overtime hours.

49.     Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those similarly situated to her, proper overtime wages at time and a half their regular rate of pay for

such hours.

## COUNT II
## MINIMUM WAGE VIOLATION UNDER FLSA

50.     Plaintiff re-alleges and reavers paragraphs 1 through 39 of the Complaint as if fully set forth herein.

51.     Plaintiff was entitled to be paid minimum wage for each week she worked during her employment with Defendants.

52.     Defendants failed to pay Plaintiff minimum wage for each week she worked for Defendants.

53.     Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate her for same.  As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each week worked during one or more weeks of employment with Defendants.

54.     Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

55.     Defendants willfully failed to pay Plaintiff the Federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

56.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

        a.     Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and

minimum wage provisions of the FLSA;

b.      Awarding Plaintiff overtime compensation in the amount due to her for

Plaintiff's time worked in excess of forty (40) hours per work week;

c.      Awarding Plaintiff liquidated damages in an amount equal to the overtime

award;

d.      Awarding Plaintiff minimum wages in the amount due to her for

Plaintiff's time worked in each work week;

e.      Awarding Plaintiff liquidated damages in an amount equal to the

minimum wages award;

f.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of

the litigation pursuant to 29 U.S.C. §216(b);

g.      Awarding Plaintiff pre-judgment interest;

h.      Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 7th day of December, 2017.

                                        Respectfully submitted,

                                        */s/ Andrew R. Frisch*
                                        ANDREW R. FRISCH
                                        FL Bar No.: 27777
                                        MORGAN & MORGAN, P.A.
                                        600 N. Pine Island Road, Suite 400
                                        T: (954) WORKERS;  F: (954) 3273013
                                        E-mail: AFrisch@forthepeople.com

                                        *Trial Counsel for Plaintiff*

8